IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNN CARYN SCHNEIDER, | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. H-16-2923 |
| CAROLYN W. COLVIN, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § | |
| Defendant. | § | |

# MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Before the Court[1] in this social security appeal is Plaintiff's Motion for Summary Judgment (Document No. 12), Defendant's Cross-Motion for Summary Judgment (Document No. 13), Defendant's Brief in Support of Cross-Motion for Summary Judgment (Document No. 14), and Defendant's Response to Plaintiff's Motion for Summary Judgment Document No. 15). After considering these documents, the administrative record, the written decision of the Administrative Law Judge dated September 25, 2014, and the applicable law, the Court ORDERS, for the reasons set forth below, that Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and this matter is REMANDED to the Commissioner for further proceedings.

---

[1] On January 6, 2017, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 8.

1

## I. Introduction

Plaintiff Lynn Caryn Schneider ("Schneider") brings this action pursuant to Section 205(g) of the Social Security Act ("Act") 42 U.S.C. § 405(g), seeking judicial review of a partially adverse final decision of the Commissioner of the Social Security Administration ("Commissioner") on her claim for disability insurance benefits. As per Plaintiff's Motion for Summary Judgment, Schneider argues that: (1) "The decision is not supported by substantial evidence" and (2) "Defendant failed to consider all of the evidence." (Document No. 12) at 6, 9. The Commissioner, in contrast, argues that there is substantial evidence in the record to support the ALJ's September 25, 2014 decision, that the decision comports with applicable law, and that the decision should be affirmed.

## II. Procedural History

On April 27, 2012, Plaintiff Schneider applied for disability insurance benefits claiming that she was unable to work since May 1, 2010. (Tr. 223-27) Plaintiff alleged breast cancer, an immune disorder, depression and epilepsy as the reason she stopped working and was rendered disabled. (Tr. 235) The Social Security Administration denied her application at the initial stage. (Tr. 115, 117) Plaintiff completed a request for reconsideration on August 30, 2012, which was denied on October 25, 2012. (Tr. 136-38) Afterwards, Plaintiff requested a hearing before an ALJ. The Social Security Administration granted her request and ALJ, Donald J. Willy, held a hearing on January 14, 2014 at which Plaintiff's claims were considered *de novo*. (Tr. 135, 155). The ALJ noted at the hearing after discussion with Plaintiff and her counsel that information relating to her psychological condition was lacking. (Tr. 110) The ALJ gave Plaintiff the choice

between deciding her disability at the first hearing or waiting until a psychological evaluation was done and reconvening for a second hearing; Plaintiff chose to undergo an evaluation. (Tr. 110-13) Following the second hearing, the ALJ in a written decision dated September 25, 2014, found Plaintiff disabled from January 1st, 2014 onward. (Tr. 11-14, 24) Plaintiff Schneider sought review of the unfavorable part of that decision with the Appeals Council. On January 29, 2016, the Appeals Council found no basis for review. (Tr. 1) Plaintiff's second request for review was denied by the Appeals Council. (*Id.*) This appeal followed.

The parties have filed their respective motions for summary judgment, cross-motions for summary judgment, responses and briefs in support, which have been fully briefed and are ripe for ruling. (Document Nos. 12-15) At issue in this appeal is the determination that Plaintiff Schneider was not disabled between May 1, 2010, the alleged onset date, and January 1, 2014.

### III. Standard of Review of Agency Decisions

The court's review of a denial of disability benefits is limited to "determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Title 42, Section 405(g) limits judicial review of the Commissioner's decision: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Act specifically grants the district court the power to enter judgment upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" when not supported by substantial evidence. 42 U.S.C. § 405(g). While it is incumbent upon the court to examine the record in its entirety to decide whether the decision is supportable, *Simmons v.*

3

*Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the court may not "reweigh the evidence in the record nor try the issues de novo, nor substitute [its] judgment for that of the [Commissioner] even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988); *Apfel*, 174 F.3d at 693; *Cook v. Heckler*, 750 F.2d 391 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court has defined "substantial evidence," as used in ths Act to be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (191710 (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala* 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

**IV. Burden of Proof**

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42. U.S.C. § 423(d)(1)(A). The impairment must be proven through medically accepted

clinical and laboratory diagnostic techniques. 42. U.S.C. § 423(d)(3). The impairment must be so severe as to limit the claimant in the following manner:

> He is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied to work.

42 U.S.C. § 423(d)(2)(A). The mere presence of an impairment is not enough to establish that one is suffering from a disability. Rather, a claimant is disabled only if he is "incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986)).

The Commissioner applies a five-step sequential process to decide disability status:

1. If the claimant is presently working, a finding of "not disabled" must be made;

2. If the claimant does not have a "severe impairment" or combination of impairments, he will not be found disabled;

3. If the claimant has an impairment that meets or equals an impairment listed in Appendix 1 of the Regulations, disability is presumed and benefits are awarded;

4. If the claimant is capable of performing past relevant work, a finding of "not disabled" must be made and

5. If the claimant's impairment prevents him from doing any other substantial gainful activity, taking into consideration his age, education, past work experience and residual functional capacity, he will be found disabled.

*Anthony*, 954 F.2d at 293; *see also Leggett v. Chater*, 67 F.3d 558, 563 n.2 (5th Cir. 1995); *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). Under this framework, the claimant bears the burden of proof on the first four steps of the analysis to establish that a disability exists. If successful, the burden shifts to the Commissioner, at step five, to show that the claimant can perform other work. *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). Once the Commissioner shows that other jobs are available, the burden shifts, again, to the claimant to

rebut this finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). If, at any step in the process, the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Leggett*, 67 F.3d at 563.

Here, the ALJ, in the September 25, 2014 decision, found at step one that Plaintiff Schneider had not engaged in substantial gainful activity since May 1, 2010, her alleged onset date. At step two, the ALJ determined that Plaintiff Schneider had, from May 1, 2010 to present, the following severe impairments: major depression, auto immune disorder unspecified, epilepsy, status post breast cancer with mastectomy and radiation therapy, right shoulder partial tear, and left hip pain and labral tear. At step three, the ALJ determined that Plaintiff Schneider did not, since May 1, 2010, have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Prior to consideration of steps four and five, the ALJ determined that Plaintiff Schneider, prior to January 1, 2014, had the "residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except cannot climb ladders, ropes, and scaffolds." Using that residual functional capacity ("RFC") assessment, the ALJ concluded, at step four, that Plaintiff Schneider could not perform her past work. At step five, using that same RFC and relying on the testimony of a vocational expert, the ALJ concluded that there were jobs in significant numbers in the regional and national economy that Plaintiff Schneider could perform, including office cleaner, clothing sorter, and laundry folder and that Plaintiff was therefore, for the period between May 1, 2010 and January 1, 2014, not disabled.

In this appeal, Plaintiff argues that the ALJ did not consider all the evidence and that the decision is not supported by substantial evidence insofar as the ALJ determined that she was not disabled prior to January 1, 2014. Plaintiff also argues that the ALJ misapplied the Medical-

Vocational Rules as per 20 CFR Part 404 Subpart P Appendix 2, when he used Rule 201.06 instead of Rule 201.14.

In determining whether there is substantial evidence to support the ALJ's decision, including his RFC determination, the court considers four factors: (1) the objective medical facts; (2) the diagnosis and expert opinions of treating physicians on subsidiary questions of fact; (3) subjective evidence of pain and disability as testified to by the plaintiff and corroborated by family and neighbors; and (4) the plaintiff's educational background, work history and present age. *Wren*, 925 F.2d at 126.

## V. Discussion

During the time period at issue herein, May 1, 2010 through January 1, 2014, Plaintiff Schneider was evaluated and treated for the following conditions: Barret's esophagus and esophagitis, depression, carcinoma of the left breast and reconstructive surgery, leukopenia, epilepsy, anxiety, an ovarian cyst, a left hip labral tear & impingement, impetigo, malignant neoplasm, cervical root lesions and enthesopathy, breast pain, major depression, an undiagnosed immune disorder, and a suspect supraspinatus tendon tear. (Document No. 12 at 10-11) Plaintiff Schneider was seen, evaluated, and treated extensively from May 1, 2010 to the present for these conditions. It is Plaintiff's depressive disorder, however, that appears to have formed the basis for the ALJ's determination that Plaintiff's condition became disabling on January 1, 2014. As such, it is Plaintiff's depressive disorder, her complaints and treatment for such, as well as the medical opinions related thereto that will be the focus of this appeal.

Plaintiff recorded feeling very depressed as early as July 7, 2010. (Tr. 446-49) However, this appears to be a one-off occurrence as the records indicate Plaintiff subsequently denying depression and was noted as being "able to carry on all pre-disease activities without

7

restrictions" as early as a week later on July 27, 2010 at a different provider. (Tr. 1132-133) As of, August 17, 2010, Plaintiff reported no depression. (Tr. 454-57). Depression was denied thereafter until a May 16, 2012 visit with Dr. Feldman and a return visit on May 29, 2012 where Plaintiff indicated she was "depressed" (Tr. 994-96). On May 29, 2012, Plaintiff reported that she was "really depressed" (Tr. 986-90). Dr. Feldman then sent Plaintiff for a psychological evaluation with Merrill P. Anderson, Ph.D. In a report dated July 12, 2012 (Tr. 997-1000). Dr. Anderson on July 12 and July 19, 2014 issued a Psychological Report and Capability Opinion noting Plaintiff was diagnosed with "[m]ajor depression and passive suicidal ideation." (Tr. 997-1001).

On July 20, 2012 Dr. Reddy, a state appointed consultant, completed a Psychiatric Review Technique to evaluated from Plaintiff's medical records, whether Plaintiff met a Listing for disability. (Tr. 1002) Dr. Reddy concluded that Plaintiff possessed "Major Depress", a medically determinable impairment that was not precisely satisfied by the other diagnostic criteria'; (Tr. 1005) that Plaintiff had "Moderate" restrictions on Activities of Daily Living,"; "Mild" "Difficulties in Maintaining Social Functioning," "Moderate" "Difficulties in Maintaining Concentration, Persistence, or Pace," and no "Episodes of Decompensation, Each of Extended Duration." (Tr. 1012) For physical limitations, Dr. Reddy concluded "[Claimant's] limitations are not fully supported by the [record]." (Tr. 1021) For Plaintiff's mental RFC assessment Dr. Reddy opined that Plaintiff had marked limitations in the ability to understand and remember detailed instructions and the ability to carry out those detailed instructions; (Tr. 1024) moderate limitations in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms; and moderate restrictions in her ability to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr.1025) Ultimately,

however, Dr. Reddy stated that "[T]he [Claimant's] alleged limitations are not fully supported by the [record]." (Tr. 1026)

From July 26, 2013 onward, Plaintiff's medical records indicated depression as a protracted, consistent ailment. (Tr. 1650-53, 1643-50, 1639-42, 1628-36, 1618-24, 1614-17, 1605-14, 1534-99, 1720-21, 1769-81, 1767-69, 1765-66, 1761-64, 1757-61, 1755-56, 1750-54, 1744-59, 1688-98, 1738-44, 1736-38, 1733-36, 1731-32, 1727-30, 1725-26, 1722-24) On July 26, 2013, Plaintiff was referred to Dr. Prochazka, who saw Plaintiff for an Initial Evaluation after referral by Plaintiff's Primary Care Provider. (Tr. 1650-53) Dr. Prochazka diagnosed Plaintiff with an "Adjustment disorder with depressed mood" and her depression was referred to as such from then on. (*Id.*)

At Plaintiff's first hearing on January 14, 2014, the ALJ asked Plaintiff whether she wanted to undergo a psychiatric evaluation prior to the ALJ's decision, Plaintiff agreed with that suggestion and (Tr. 110-13) was evaluated by Dr. McLendon on March 6, 2014. Following that evaluation, Dr. McLendon issued a Medical Source Statement and Psychological Examination stating Plaintiff had a "Marked impairment . . . due to depression." (1688-98) Subsequently, following the re-convening of the hearing, Plaintiff received a Partially Favorable decision from the ALJ, who found she was disabled from January 1, 2014 due to her adjustive depressive disorder. (Tr. 11-14, 24)

None of the objective medical evidence in the record calls into question the ALJ's determination that Plaintiff Schneider did not, as of January 1, 2014, have an impairment or combination of impairments that met or equaled a listing. But, that objective medical evidence

9

does not wholly support the ALJ's determination that Plaintiff, between May 1, 2010 and January 1, 2014 was capable of light work and thus not disabled.

Plaintiff's main claim is that the ALJ did not consider all of the evidence in making the disability determination. This is better restated as a question of arbitrariness regarding the date selected by the ALJ for Plaintiff's disability. In this case, the ALJ set Plaintiff's RFC at light unskilled/simple work prior to January 1, 2014 and to sedentary work from January 1, 2014 forward. Plaintiff argues that there is no material difference in her impairments before and after January 1, 2014 and that there is no support for the ALJ's determination that she could perform light work before January 1, 2014, and only sedentary work thereafter. Here, "the critical date is the date of *onset* of disability, *not* the date of diagnosis." *Spellman v. Shalala*, 1 F.3d 357, 363 (5th Cir. 1993) (quoting *Swanson v. Secretary of Health & Human Services*, 763 F.2d 1061, 1065 (9th Cir. 1985). For the reasons that follow, the Court concludes that the ALJ's determined date of disability is not supported by substantial evidence.

### 1. The credibility determination.

The ALJ did not adequately explain his credibility determination, which he relied on in determining that Plaintiff was disabled on January 1, 2014, but not before. The ALJ did not point to specific evidence for either his pre-2014 and post-2014 credibility determination and instead merely lists conclusions from the medical record and expert testimony. It is true that "[a]n ALJ is not required to follow formalistic rules when articulating the reasons for his credibility determination" and "an ALJ's assessment of a claimant's credibility is accorded great deference" *Undheim v. Barnhart*, 214 F. App'x 448, 451 (5th Cir. 2007); *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). However, an ALJ must consider all of the evidence in

determining credibility. "Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p (2016)

For his pre-2014 evaluation of credibility, the ALJ relied primarily on Plaintiff's own statements in her June 4, 2012 Function Report and the testimony of Plaintiff's friend in a June 3, 2012 Third Party Function Report. (Tr. 22, 24, 258-65, 250-57) In determining Plaintiff's post-2014 credibility, the ALJ indicated inconsistencies with Plaintiff's testimony about her capabilities and her actual capabilities. (Tr. 24) While indicating the difference between the two would be significant in undermining the credibility of a claimant, the ALJ listed no such incongruence in his pre-2014 credibility determination of the Plaintiff. Differences in Plaintiff's testimony and her real capabilities are referenced only in passing as part of the ALJ's post-2014 disability determination. (*Id.*) The ALJ lists no such rationale for his pre-2014 determination and even if he did it would not explain why that despite such a difference he gave a "not entirely credible" determination prior to 2014 and a "party credible" determination after 2014. In all, the ALJ failed to articulate good reasons for his credibility evaluation of Plaintiff prior to 2014 and does not explain the marked conflict between his subsequent credibility determination of Plaintiff. As such, the ALJ's credibility determination does not support the ALJ's decision that Plaintiff was disabled on January 1, 2014 but not before.

## 2. The expert medical opinions

In his written decision, the ALJ relied heavily on Dr. Reddy's opinion for his post-2014 disability determination. (Tr. 25-26) However, Dr. Reddy's opinion was created on July 20, 2012 and the ALJ does not discuss this fact or explain how Dr. Reddy's 2012 opinion only supports a determination that Plaintiff was disabled on or after January 1, 2014, but not before.

The ALJ also relied heavily on Dr. McLendon's May 6, 2014 Medical Source Statement as a basis for establishing Plaintiff's date of disability and confirmed the report's veracity at Plaintiff's second hearing via the expert testimony of Dr. Sterns. (Tr. 47) The importance of McLendon's Medical Source Statement is reflected in both the ALJs decision and the fact that such decision was postponed pending Dr. McLendon's evaluation. (Tr. 111) Despite that importance, the ALJ does not note any substantial difference between Dr. McLendon's report and Dr. Reddy's 2012 opinion, both of which cite Plaintiff's depressive disorder.

Dr. McLendon's report was written in March of 2014 and does not state a date of onset. (Tr. 1688-98) Instead it only confirms that Plaintiff had a depressive disorder at the time of the evaluation. (*Id.*) This is essentially the same opinion offered by Dr. Reddy in 2012. While an ALJ may potentially ascribe more value to one opinion over the other, the ALJ in this case does not compare the two expert opinions. *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1995); and he does not explain at all why Dr. McLendon's opinion supported a disability determination as of January 1, 2014, but not

before.[2] This is significant particularly because there is no material difference between Dr. McLendon's March 2014 opinion and Dr. Reddy's July 2012 opinion. The expert medical opinions do not support the ALJ's decision that Plaintiff was disabled on January 1, 2014 but not before.

### 3. The objective medical evidence.

Plaintiff's medical records do not support the ALJ's conclusion regarding date of disability. A brief chronology for the relevant ailments of the Plaintiff is as follows:

- Seen by Dr. Nancy Ross on 6/24/2012 **Depressive Disorder from <u>Oct. 17, 2011 to Feb. 13, 2012</u>**. (Tr. 982-85)

- Seen by Dr. Lateef as a "New Patient" on 6/7/2013(Tr. 1667) **Depression noted in Diagnoses – Referred to Behavioral Health for Depression.**

- Seen by Dr. Lateef for an "Abnormal breast exam" on 6/17/2013 (Tr. 1660)

- Seen by Dr. Mahmood for a "GI problem" on 7/9/2013 (Tr. 1654)

- Received an MRI ordered by Dr. Lateef on 7/16/2013 (Tr. 1674)

- Seen by Dr. Prochazka for "Counseling" on 7/26/2013 (Tr. 1650)
    - Subsequently diagnosed with "Adjustment disorder with depressed mood" on all following records from Smith Clinic/Harris Health System.

---

[2] In Defendant's Response to Plaintiff's Motion for Summary Judgment, the Defense argues "the ALJ does not have to specifically *discuss* all evidence that supports the decision or all the evidence that was rejected." and cites *Falco v. Shalala*, 27 F.3d 160, 163-164 (5th Cir. 1994). (Document No. 15 at 8) This is a gross overstatement. The cited portion of *Falco* specifically applies to subjective complaints of pain by a claimant. Secondly, the Court specifically states: "[W]hen the evidence clearly favors the claimant, the ALJ must articulate reasons for rejecting the claimant's subjective complaints of pain." *Falco*, 27 F.3d at 163. This comports with the general standard of substantial evidence, that is, "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir.1973). This is particularly germane because what is at issue is the contention that the ALJ did not consider all of the evidence and thus did not have substantial evidence for his conclusion of disability

- Seen by Dr. McLendon on 3/6/2014 Medical Source Statement and Psychological Examination "**Marked impairment...due to depression**" (1688-98)

It should be noted that between Plaintiff's initial diagnosis with her adjustment disorder by Dr. Prochazka in July 2013 and her evaluation by Dr. McLendon in March 2014, she had frequent, but otherwise ordinary visits with her doctors at Smith Clinic/Harris Health System. Nothing in the record indicates anything out of the ordinary that would justify the January 1, 2014 date of disability. If there was anything of significance, the ALJ does not indicate it or explain why something specific in the record persuaded him to choose January 1, 2014 as the date of disability.

This raises the question of how the ALJ came to the January 1, 2014 date of disability as there is a gap in medical records from July 26, 2013 to March 6, 2015 and the only event of note in January 2014 was Plaintiff's first hearing.

Significantly for Plaintiff's disability, the ALJ notes the July 2012 diagnosis of major depression and the July 2013 diagnosis of Plaintiff's depressive disorder in his pre-2014 light work RFC determination but does not elaborate upon either. (Tr. 21) The ALJ may have reasons for selecting January 1, 2014, as the date of disability, despite the earlier signs of Plaintiff's affliction, but he does not state them in his opinion. As such, it cannot be stated, on this record, that the ALJ's opinion that Plaintiff was disabled as of January 1, 2014, but not before, is supported by substantial evidence.

**Conclusion and Order**

Based on the foregoing and the absence of substantial evidence to support the ALJ's conclusion that Plaintiff was disabled on January 1, 2014, but not before, it is ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED, and Defendant's Motion for Summary Judgment is DENIED. In addition, while Plaintiff argues for reversal of the administrative decision and an award of benefit from March 2010 to the present, the Court concludes that remand is a more appropriate remedy. Therefore it is,

ORDERED that this case is REMANDED to the Social Security Administration pursuant to 42 U.S.C. § 405g, for further proceedings consistent with this opinion.

Signed at Houston, Texas, this 22nd day of June 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE